09-4853-cv
Lawrence v. Richman Group of CT

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

——————

August Term, 2009

(Argued: July 9, 2010      Decided: September 16, 2010)

Docket No. 09-4853-cv

——————

JOHN F. LAWRENCE,
*Plaintiff-Appellant*,

BRIAN P. DANIELS, ESQ., RUTH ANN AZEREDO, ESQ.,
*Appellants,*

v.

RICHMAN GROUP OF CT LLC, USA INST TAX CREDIT FUND XXXVI,
USA INST TAX CREDIT FUND XXXVIII,
*Defendants-Appellees,*

RICHMAN GROUP CAPITAL CORP., RICHMAN GROUP, INC., RICHMAN ASSET MGMT, LLC, RICHMAN GROUP OF NY LLC, RICHMAN GROUP MGMT CORP, USA INSTITUTIONAL TAX CREDIT FUND XXVII LP, RICHMAN USA TAX CREDIT XXVII LP, RICHMAN USA TAX CREDIT XXVII, INC, USA INSTITUTIONAL TAX CREDIT FUND XXVIII LP, RICHMAN USA TAX CREDIT XXVIII LP, RICHMAN USA TAX CREDIT XXVIII, INC, USA INSTITUTIONAL TAX CREDIT FUND XXX LP, RICHMAN USA TAX CREDIT XXX LLC, USA INSTITUTIONAL TAX CREDIT FUND XXXII LP, RICHMAN USA TAX CREDIT XXXII LLC, RICHMAN FAMILY TRUST I, USA INSTITUTIONAL TAX CREDIT FUND XXXIV LP, RICHMAN USA TAX CREDIT XXXIV LLC, USA INSTITUTIONAL TAX CREDIT FUND XXXV LP, RICHMAN USA TAX CREDIT XXXV LLC, RICHMAN USA MGR, INC, USA/FLEET INST TAX CREDIT FUND XX-A LP, USA INSTITUTIONAL TAX CREDIT FUND XX-C LP, RICHMAN USA TAX CREDIT XX LP, RICHMAN USA TAX CREDIT XX, INC,
*Consolidated-Defendants-Appellees.*

1

Before:

RAGGI and LYNCH, *Circuit Judges,* and GARAUFIS, *District Judge.*[*]

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*; Joan Glazer Margolis, *Magistrate Judge*) awarding Rule 11 sanctions for filing a second amended complaint without a reasonable basis in law and fact. We now clarify that where, as here, a district court has dismissed a prior complaint without awarding Rule 11 sanctions and granted a party leave to replead, the filing of the new pleading resets the clock for seeking sanctions pursuant to Rule 11(c)(2), so that the filer must be afforded twenty-one days to correct or withdraw the pleading before a motion for sanctions is presented to the district court.

VACATED.

DAVID R. SCHAEFER, Brenner, Saltzman & Wallman LLP, New Haven, Connecticut, *for Appellants*.

ROBERT W. TURKEN (David A. Ball, Cohen and Wolf, P.C., Bridgeport, Connecticut, *on the brief*), Bilzin Sumberg Baena Price & Axelrod, Miami, Florida, *for Appellees.*

---

[*] District Judge Nicholas G. Garaufis of the United States District Court for the Eastern District of New York, sitting by designation.

PER CURIAM:

Plaintiff John F. Lawrence and the named appellees have engaged in extensive litigation over a number of years in the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*; Joan Glazer Margolis, *Magistrate Judge*), regarding Lawrence's claim for commissions owed on the sale of securities. A contested issue between the parties was whether the proper forum for resolution of Lawrence's commissions claim was judicial or arbitral. The tortured factual and procedural background to this dispute is set forth in the district court's published opinions in this case, Lawrence v. Richman Grp. Capital Corp., 358 F. Supp. 2d 29 (D. Conn. 2005), and in a related case, Lawrence v. Wilder Richman Secs. Corp., 359 F. Supp. 2d 161 (D. Conn. 2005), which represent only two of more than a dozen decisions issued by the district court to resolve matters raised by the parties. We do not ourselves detail this background here except as necessary to resolve this appeal, in which Lawrence and his attorneys in the district court (hereafter referred to collectively as "Lawrence"), challenge a judgment entered on October 23, 2009, awarding sanctions of $113,667.50 in attorneys' fees pursuant to Fed. R. Civ. P. 11(c) for Lawrence's filing of a second amended complaint in this case without a reasonable basis in law and fact.[1]

---

[1] In a separate summary order filed today, we affirm an award of Rule 11 sanctions against Lawrence in the related case of Lawrence v. Wilder Richman Securities Corp., No.

3

Lawrence submits that the sanctions award must be vacated because (1) his second amended complaint was supported by a reasonable basis in law and fact, (2) he was not afforded twenty-one days to correct or withdraw the second amended complaint as required by Rule 11(c)(2), and (3) the sanctions award was excessive. Because we conclude that Lawrence's second argument requires us to vacate the award of sanctions, we so order without addressing his other two contentions.

## I.     **Background**

### A.     The Second Amended Complaint

In an order dated March 4, 2005, the district court dismissed Lawrence's first amended complaint in this case, finding that it failed to plead a contract that was legal and enforceable. Nevertheless, based on counsel's representation that this defect could be cured by allegations of fact that would bring the contract claim within Rule 3040 of the National Association of Securities Dealers, the district court granted Lawrence leave to replead the complaint "subject to Rule 11." Oral Arg. Tr. at 73:10-13 (Feb. 22, 2005). In so ruling, the district court stated what it deemed necessary "to satisfy Rule 3040": Lawrence would have to plead that he gave "detailed written notice of each proposed transaction expressly to Wilder Richman," and that he "received express written consent from Wilder Richman." Lawrence v. Richman Grp. Capital Corp., 358 F. Supp. 2d at 40 (emphasis in original).

09-4782-cv.

4

Plaintiff filed a second amended complaint on March 21, 2005, and moved for the district court to reconsider its order of dismissal. The district court denied the motion on August 10, 2005, finding that the second amended complaint "nowhere" alleged the requisite express notice or consent. Lawrence v. Richman Grp. Capital Corp., No. 3:03 CV 850, 2005 WL 1949864, at *3-4 (D. Conn. Aug. 11, 2005). Indeed, the district court observed that the amended pleading only reinforced the conclusion that plaintiff had been engaged in "gamesmanship" with the court. Id. at *4.

B.      The Sanctions Litigation

Appellees initially moved for Rule 11 sanctions in conjunction with their motion to dismiss Lawrence's first amended complaint. Soon after the district court dismissed that complaint, the magistrate judge (to whom the Rule 11 motion had been referred) determined that the sanctions motion should be denied "without prejudice to renew." Lawrence v. Richman Grp. of Conn., LLC, No. 3:03 CV 850, slip op. at 7 (D. Conn. Mar. 9, 2005). In so ruling, the magistrate judge directed defendants to defer filing any renewed motion until the district court determined what, if any, of Lawrence's claims would proceed. Neither party filed objections with the district court.

On December 20, 2005 – some nine months after Lawrence filed the second amended complaint and four months after the district court denied reconsideration of dismissal – defendants renewed their motion for Rule 11 sanctions. On March 10, 2006, the magistrate

judge recommended granting the motion and awarding monetary sanctions for the time expended by defense counsel on plaintiff's contract claim after the district court's March 2005 dismissal of the first amended complaint. See Lawrence v. Richman Grp. of Conn., LLC, No. 3:03 CV 850, 2006 WL 908453 (D. Conn. Mar. 10, 2006). Rejecting Lawrence's objections to this recommendation, the district court awarded Rule 11 sanctions on December 28, 2006, finding that, despite his representations to the court, Lawrence did not have a reasonable basis in law and fact to pursue his contract claim in an Article III proceeding "after the Court's March 2005 ruling." Lawrence v. Richman Grp. of Conn., LLC, No. 3:03 CV 850, 2006 WL 3826684, at *5-6 (D. Conn. Dec. 28, 2006). Lawrence unsuccessfully moved for reconsideration, arguing inter alia that his counsel's consultations with "securities experts" before filing the second amended complaint demonstrated a reasonable basis for renewing the contract claim. Lawrence v. Richman Grp. of Conn., LLC, No. 3:03 CV 850, 2007 WL 2255126, at *2 (D. Conn. Aug. 3, 2007). Extensive litigation thereafter ensued to determine the amount of sanctions to be awarded, culminating in the final October 23, 2009 judgment challenged on appeal.

## II.  Discussion

### A.  Rule 11 Sanctions

We review an award of Rule 11 sanctions for abuse of discretion, see Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990), which we will identify only where a district

6

court ruling is based on an error of law or a clearly erroneous view of the facts, or "cannot be located within the range of permissible decisions," Kiobel v. Millson, 592 F.3d 78, 81 (2d Cir. 2010).

Rule 11 states that an attorney who presents "a pleading, written motion, or other paper" to the court thereby "certifies" that to the best of his knowledge, information, and belief formed after a reasonable inquiry, the filing is (1) not presented for any improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) supported in facts known or likely to be discovered on further investigation. Fed. R. Civ. P. 11(b). A court may sanction an attorney, law firm, or party that violates Rule 11(b), but only after providing notice and a reasonable opportunity to respond. See Fed. R. Civ. P. 11(c)(1).

Consistent with these requirements, a party moving for Rule 11 sanctions must do so in a filing "made separately from any other motion." Fed. R. Civ. P. 11(c)(2). This section provides filers with a "safe harbor" from sanctions, in that a Rule 11(c)(2) motion not only must specify the conduct for which sanctions are sought but must not be presented to the court until the alleged violator is afforded twenty-one days to withdraw or correct the offending document. See id.; see also In re Pennie & Edmonds LLP, 323 F.3d 86, 89 (2d Cir. 2003) (observing that "safe harbor" provision "functions as a practical time limit, and

7

motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission").

B.  Appellees' Failure To Comply with Rule 11's Safe Harbor Provision

There is no question in this case that appellees' initial sanctions motion, filed with respect to the first amended complaint, afforded Lawrence the twenty-one-day safe harbor mandated by Rule 11(b)(2). Nor is there any question that defendants' renewed Rule 11 motion was served only after the initial motion had been denied, the first amended complaint dismissed, and Lawrence's second amended complaint found inadequate to warrant reconsideration of the order of dismissal. Lawrence submits that because he was thus not afforded any notice of defect with respect to the second amended complaint, much less twenty-one days to correct or withdraw that filing before the renewed sanctions motion was presented to the district court, the sanctions award must be vacated. We agree.

1.  The Sanctioned Conduct Was the Filing of the Second Amended Complaint

Appellees do not challenge that, if Lawrence was sanctioned for filing the second amended complaint, plaintiffs were entitled to notice and twenty-one days to correct or withdraw that pleading. Rather, they assert that the subject of their renewed sanctions motion was not the second amended complaint but, rather, Lawrence's failure to withdraw pleadings and papers relating to the deficient first amended complaint, a filing for which

8

they had already satisfied the safe harbor provision of Rule 11(c)(2). The record does not support this argument.

Whatever the subject of appellees' renewed motion, the district court specifically identified "the sanctionable conduct [a]s the assertion and maintenance of plaintiff's Second Amended Complaint following this Court's March 2005 ruling." Lawrence v. Richman Grp. of Conn., LLC, 2006 WL 3826684, at *6. To be sure, the district court explained that such conduct warranted sanctions because the contract claim alleged in the second amended complaint "had already been found to lack any merit and thus was frivolous." Id. But nowhere did the district court indicate that it was sanctioning plaintiff for filing or maintaining the first amended complaint.

That the sanctioned conduct was the filing of the second amended complaint is further confirmed by the fact that the district court awarded fees only from the filing of that complaint on March 21, 2005, and not from the March 7, 2005 dismissal of the first amended complaint, as recommended by the magistrate judge.

Accordingly, we review Lawrence's safe harbor argument as it pertains to the filing of the second amended complaint.

        2.    The Filing of the Second Amended Complaint After Dismissal of the First Amended Complaint Reset the Clock for Compliance with the Safe Harbor Provision of Rule 11(c)(2)

In rejecting Lawrence's safe harbor challenge to a sanctions award for filing the

9

second amended complaint, the district court cited two reasons why it was unnecessary for Lawrence to be given notice of a defect in this pleading: (1) the defect in the second amended complaint was the same as in the first, i.e., Lawrence failed to allege a legal and enforceable contract; and (2) in granting leave to replead, the district court had explicitly told Lawrence what he would have to allege to state a colorable contract claim for commissions against the defendants named in the case. The district court further concluded that Lawrence could not complain that he was not given notice of appellees' intent to move for sanctions on the second amended complaint because the district court had told Lawrence, "after granting leave to amend," that a further pleading would "be subject to Rule 11." Id. at *4.

The quoted language as to Rule 11, particularly when read in context, was plainly intended to warn Lawrence that the district court would not hesitate to impose sanctions if he filed further pleadings lacking a good faith basis in law and fact. But, as all pleadings are subject to Rule 11, we do not think the district court's emphasis of this fact can substitute for the notice and opportunity to correct or withdraw required by the rule. Similarly, while the record confirms that the district court clearly identified both what it perceived to be the defect in the first amended complaint and the minimum allegations necessary to cure the defect, that permits us only to sympathize with the court's frustration that Lawrence did not fulfill his representation to provide such allegations in the second amended complaint. It

10

does not permit us to hold that these circumstances somehow allowed appellees to move for sanctions on the second amended complaint without satisfying the requirements of Rule 11(c)(2).

Rule 11 does not, after all, authorize sanctions for merely frustrating conduct.[2] It authorizes sanctions only for the filing of a document with the court that fails to satisfy the rule's certification requirements. Moreover, Rule 11(c)(2) conditions the filing of a sanctions motion on the offending party being given notice and a twenty-one-day opportunity to correct or withdraw the document. By thus encouraging correction or withdrawal of defective filings, Rule 11's safe harbor provision seeks to reduce, if not eliminate, the unnecessary expenditure of judicial time and adversary resources. See, e.g., Perpetual Secs., Inc. v. Tang, 290 F.3d 132, 141 (2d Cir. 2002). For this reason, we conclude that where, as here, a defective complaint is dismissed and a party is granted leave to replead, the filing of an amended pleading resets the clock for compliance with the safe harbor requirements of Rule 11(c)(2) before a party aggrieved by the new filing can present a sanctions motion based on that pleading to the district court.

---

[2] To the extent 28 U.S.C. § 1927 and the court's inherent authority permit sanctions to be imposed for any conduct – not simply a court filing – that "unreasonably and vexatiously" multiplies the proceedings in a case, the district court did not here find, and we do not suggest, that the record evidences the improper purpose required to impose sanctions on those grounds. See Revson v. Cinque & Cinque, 221 F.3d 71, 78-79 (2d Cir. 2000). While an improper purpose in filing can support Rule 11 sanctions, see Fed. R. Civ. P. 11(b)(1), that rule also permits sanctions to be imposed for filings that simply lack a reasonable basis in law or fact, see Fed. R. Civ. P. 11(b)(2)-(4).

11

After Lawrence filed his second amended complaint, defendants did not provide him with notice of defect and an opportunity to correct or withdraw that filing before moving for sanctions. Indeed, they did not serve their renewed sanctions motion with the district court until after the second amended complaint was effectively dismissed by the district court's determination that, as a matter of law, it did not support reconsideration of the earlier ruling dismissing Lawrence's contract claim. In these circumstances, sanctions could not be awarded under Rule 11(c)(2). See In re Pennie & Edmonds LLP, 323 F.3d at 89; see also Roth v. Green, 466 F.3d 1179, 1193 (10th Cir. 2006) (reversing sanctions award where Rule 11 motion filed after complaint's dismissal); Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389-90 (4th Cir. 2004) (reversing sanctions award where Rule 11 motion filed after summary judgment granted); Tompkins v. Cyr, 202 F.3d 770, 788 (5th Cir. 2000) (holding sanctions properly denied where Rule 11 motion filed after trial's conclusion); Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998) (reversing sanctions award where Rule 11 motion filed after complaint's dismissal); Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997);[3] Fed. R. Civ. P. 11 Advisory Committee Note to 1993 Amendments ("Given the 'safe harbor' provisions . . . , a party cannot delay serving its Rule 11 motion until after conclusion of the case (or judicial rejection of the offending

---

[3] In In re Pennie & Edmonds LLP, 363 F.3d at 89, this court cited approvingly to the Ninth Circuit decision in Barber v. Miller, and to the Sixth Circuit decision in Ridder v. City of Springfield.

12

contention).").

Appellees argue that they delayed filing for sanctions in this case on instructions of the magistrate judge, who directed that they should renew their Rule 11 motion only when it was "clear which claims actually will remain in this lawsuit." Lawrence v. Richman Grp. of Conn., LLC, No. 3:03 CV 850, slip op. at 7. In a case such as this, presenting almost relentless motion practice, a court may understandably wish to establish a sensible schedule for presenting issues. Further, parties may reasonably be expected to follow a court's scheduling orders. Nevertheless, the magistrate judge never indicated that its scheduling directive with respect to the filing of a Rule 11 motion was intended to negate the safe harbor requirements of Rule 11(c)(2). To the extent that ambiguity in that directive created competing obligations for appellees under the scheduling directive and under Rule 11(c)(2), the proper course was not to ignore the rule's safe harbor requirements, but to alert Lawrence and the court to any perceived defect in the second amended complaint and to seek clarification and agreement as to the schedule for formal filing of the sanctions motion. See generally Fruit of the Loom, Inc. v. Am. Mktg. Enters., Inc., 192 F.3d 73, 75 (2d Cir. 1999) (holding that district courts generally are not authorized to craft practices in conflict with federal rules).

Rule 11 authorizes courts to sanction parties who violate Rule 11(b). Consequently, in vacating the challenged sanctions award, our purpose is not to penalize appellees. Rather,

13

our purpose is simply to clarify that Rule 11(c)(2) permits sanctions to be imposed on a party who has violated Rule 11(b) only after that party is provided with notice of the pleading defect and afforded an opportunity to correct or withdraw the defective filing. That requirement not having been satisfied with respect to the sanctions challenged on this appeal, we conclude that the award must be vacated.

## III.    Conclusion

To summarize, we conclude:

1.  The sanctions challenged on this appeal were imposed with respect to Lawrence's filing of a second amended complaint.

2.  That second amended complaint was filed after dismissal of a first amended complaint without an award of Rule 11 sanctions and subject to a grant of leave to replead.

3.  In these circumstances, the filing of the second amended complaint reset the clock for seeking sanctions pursuant to Rule 11(c)(2), so that Lawrence was entitled to notice of any defect in the filing and a safe harbor of twenty-one days to correct or withdraw the pleading before a motion for sanctions based on that pleading could be presented to the district court.

4.  The challenged sanctions were imposed without affording Lawrence the mandated safe harbor protection of Rule 11(c)(2).

Accordingly, the judgment awarding sanctions is hereby VACATED.