09-4782-cv
Lawrence v. Wilder Richman Securities Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of September, two thousand ten.

PRESENT:   REENA RAGGI,
                    GERARD E. LYNCH,
                            *Circuit Judges*,
                    NICHOLAS G. GARAUFIS,
                            *District Judge*.[*]

----------------------------------------------------------------

JOHN F. LAWRENCE,

                            *Plaintiff-Appellant*,

            v.                                                        No. 09-4782-cv

WILDER RICHMAN SECURITIES CORP.,

                            *Defendant-Appellee*.

----------------------------------------------------------------

APPEARING FOR APPELLANT:            DAVID    R. SCHAEFER, Brenner, Saltzman & Wallman LLP, New Haven, Connecticut.

----

[*] District Judge Nicholas G. Garaufis of the United States District Court for the Eastern District of New York, sitting by designation.

APPEARING FOR APPELLEES:     ROBERT W. TURKEN (David A. Ball, Cohen and Wolf, P.C., Bridgeport, Connecticut, *on brief*), Bilzin Sumberg Baena Price & Axelrod LLP, Miami, Florida.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*; Joan Glazer Margolis, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on October 23, 2009, finalizing a sanctions award in Lawrence v. Wilder Richman Securities Corp., No. 3:04cv538 (hereafter "Wilder Richman Securities"), is AFFIRMED.

Plaintiff John F. Lawrence and defendant Wilder Richman Securities Corp. have engaged in extensive litigation over a number of years regarding Lawrence's claim for commissions owed on the sale of securities. Among the issues disputed by the parties was whether the proper forum for resolution of the commissions claim was judicial or arbitral. In this appeal, Lawrence and his attorneys in the district court (collectively, "Lawrence"), challenge an award of sanctions entered pursuant to Fed. R. Civ. P. 11(c) for filing and maintaining a motion to enjoin defendants from pursuing arbitration of the commissions dispute. We assume the parties' familiarity with the facts and procedural history of this and related cases involving these litigants, which we reference only as necessary to explain our

2

decision to affirm the award of sanctions in <u>Wilder Richman Securities</u>.[1]

We review an award of Rule 11 sanctions for abuse of discretion, <u>see</u> <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 405 (1990), which we will identify only where the district court ruling is based on an error of law or a clearly erroneous view of the facts, or "cannot be located within the range of permissible decisions," <u>Kiobel v. Millson</u>, 592 F.3d 78, 81 (2d Cir. 2010).

Rule 11(b) of the Federal Rules of Civil Procedure states that an attorney who presents "a pleading, written motion, or other paper" to the court thereby "certifies" that to the best of his knowledge, information, and belief formed after a reasonable inquiry, the filing is (1) not presented for any improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) supported in facts known or likely to be discovered on further investigation. A court may sanction an attorney, law firm, or party that violates Rule 11(b), but only after providing notice and a reasonable opportunity to respond. <u>See</u> Fed. R. Civ. P. 11(c)(1). Consistent with these requirements, a party moving for Rule 11 sanctions must do so in a filing "made separately from any other motion." Fed. R. Civ. P. 11(c)(2). This section provides a "safe harbor" in that the motion must not only specify the defect for which sanctions are sought

---

[1] In a separate opinion issued today, we address Lawrence's appeal from an award of sanctions in the related case of <u>Lawrence v. Richman Group of CT</u>, No. 09-4853-cv.

but must not be filed until the alleged violator is afforded twenty-one days to withdraw or correct the offending document. See id.; see also In re Pennie & Edmonds LLP, 323 F.3d 86, 89 (2d Cir. 2003) (observing that "safe harbor" provision "functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission").

1.    Lawrence Lacked a Reasonable Basis in Law for Pleading Irreparable Harm

Lawrence argues that he possessed a reasonable basis in law for pleading irreparable harm in support of his injunction motion. We have considered each of the three arguments that Lawrence serially advanced in the district court to support his irreparable harm claim, see, e.g., City of New York v. Golden Feather Smoke Shop, Inc., 597 F.3d 115, 120 (2d Cir. 2010), and we conclude that none is reasonably grounded in law.

Lawrence first asserted that he would be irreparably harmed if compelled to submit to arbitration because he would have to adopt a position in the arbitral forum inconsistent with that which he wished to advance in the district court. Lawrence does not – and cannot – argue on this appeal that such a claim of injury has any support in law. Federal Rule of Civil Procedure 8(d)(2) specifically permits a party to plead inconsistent positions in the alternative, even in the same action. See Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 585 (2d Cir. 2005) (recognizing that "party may plead two or more statements of

4

a claim . . . regardless of consistency" (internal quotation marks omitted)). At any rate, because Lawrence has agreed to arbitrate any dispute he has with Wilder Richman, he cannot complain that he is injured by being forced to respond to an arbitration demand by stating whether he does or does not have any such dispute.

Lawrence next argued in the district court that compelled arbitration would cause him irreparable harm because the arbitral forum would not afford him the constitutional rights guaranteed civil litigants in Article III courts. This court has long rejected such a claim of injury. See, e.g., Desiderio v. Nat'l Ass'n of Secs. Dealers, Inc., 191 F.3d 198, 206-07 (2d Cir. 1999). While Lawrence cites a number of cases for the proposition that "a party does suffer irreparable harm when forced to arbitrate a dispute which that party has not agreed to arbitrate," Appellant's Br. at 46, he ignores the fact that he expressly agreed to arbitrate disputes with Wilder Richman. A party suffers no legally cognizable injury at all, let alone irreparable injury, by being compelled to engage in arbitration to which he has contractually agreed.

Instead, Lawrence argues on appeal that "equitable estoppel" provided the reasonable legal basis for his claim of irreparable harm. We are not persuaded. At the outset, we note that Lawrence did not mention equitable estoppel as a basis for his claim of irreparable harm when he moved for a preliminary injunction in the district court. He first raised this argument only after injunctive relief was denied and the parties' sanctions litigation was well

5

advanced. Specifically, Lawrence argued equitable estoppel in filing objections to the magistrate judge's recommendation that the district court impose sanctions. While this chronology is hardly favorable to Lawrence's claim that he had a reasonable basis in law to claim irreparable harm at the time he moved for injunctive relief, the estoppel argument suffers from a more fatal defect. As the district court correctly observed, even if equitable estoppel might reasonably have permitted Lawrence to think he could satisfy the likelihood of success element of his injunction motion, it provided no basis in law for him to claim irreparable injury from being compelled to arbitrate. The law holds that where, as here, a party has consented to arbitrate certain claims, an argument that an adversary's misconduct should estop him from seeking relief in arbitration is properly raised to the arbitrator. See, e.g., Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84-85 (2002). Thus, the very availability of an estoppel argument in the arbitration precluded Lawrence from claiming he would be irreparably harmed in that forum.

In sum, although Lawrence advanced three different theories in support of his claim of irreparable harm, he lacked a good faith basis in law for any of them. In these circumstances, the district court reasonably identified a Rule 11(b) violation.

b. Lawrence Was Afforded Safe Harbor Notice

Lawrence argues that, even in the absence of a good faith basis for his claim of irreparable injury, sanctions were not available because defendants failed to comply with the

6

notice provisions of Rule 11(c)(2). The record is to the contrary. Defendants' sanctions motion complained expressly and repeatedly that there was no legal basis for Lawrence's preliminary injunction motion, supporting the argument with extensive citation to Lawrence's memorandum of law. Thus, we easily conclude that Lawrence received the defect notice required by the rule to allow him either to withdraw the challenged motion or to defend himself from the application for sanctions. See Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 389 (2d Cir. 2003).

      c.      The Amount of the Sanctions Award Was Within the District Court's Discretion

Finally, Lawrence argues that the sanctions award of $103,325.72 in attorney's fees was excessive and that a public reprimand would have sufficed as a sanction. We are not persuaded. The district court has "broad discretion" to "tailor[] appropriate and reasonable sanctions under [R]ule 11," O'Malley v. N.Y.C. Transit Auth., 896 F.2d 704, 709 (2d Cir. 1990), including an award of attorney's fees where warranted, see Fed. R. Civ. P. 11(c)(2) (recognizing district court's authority to award prevailing party "reasonable expenses, including attorney's fees"). We identify no abuse of discretion in the decision to award fees in this case.

Where a district court concludes that a monetary award is appropriate, its broad discretion extends to determining the amount of the award. See Caisse Nationale de Credit Agricole-CNCA v. Valcorp. Inc., 28 F.3d 259, 266 (2d Cir. 1994); Eastway Constr. Corp.

7

v. City of New York, 821 F.2d 121, 123 (2d Cir. 1987).  Here, the magistrate judge reviewed two sets of fees affidavits and, before making her recommendation, carefully calculated a reduction in defendants' application to conform to the scope of the award authorized by the district court.  The able district judge then herself reviewed the record and, while largely agreeing with the magistrate judge, further reduced the sanctions award to conform to our intervening decision in Simmons v. N.Y.C. Transit Authority, 575 F.3d 170 (2d Cir. 2009).  Under these circumstances, we identify no abuse of discretion in the monetary award.

We have considered Lawrence's other arguments and find them to be without merit. Accordingly, the judgment awarding sanctions is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court