Chien v. Barron Capital Advisors LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

PRESENT:
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges.*

---

ANDREW CHIEN,

> *Plaintiff-Appellant*,

> v.                                                        12-1683

BARRON CAPITAL ADVISORS LLC,
SKYPEOPLE FRUIT JUICE INCORPORATED,

> *Defendants-Appellees*.

---

For Appellant:                          ANDREW CHIEN, *pro se*, New Haven, CT.

For Appellees:                          GREGORY P. VIDLER, Guzov, LLC, New York, NY.

Paul Anthony Lange, Alison Lynn McKay, Law Offices of Paul A. Lange, LLC, Stratford, CT.

Appeal from an order of the United States District Court for District of Connecticut (Haight, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **AFFIRMED**.

Appellant Andrew Chien proceeding *pro se*, appeals from the district court's order imposing sanctions pursuant to Fed. R. Civ. P. 11. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review an award of Rule 11 sanctions for abuse of discretion." *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 156 (2d Cir. 2010) (per curiam) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). "An 'abuse of discretion' occurs when a district court 'base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions.'" *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010) (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)) (alterations in original).

Here, as Chien does not contest the district court's primary reason for imposing sanctions—that he has repeatedly attempted to represent USChina Channel LLC as a *pro se* litigant—or its calculation of the fees at issue in relation to the experience, hourly rates, or time records of the attorneys, he has abandoned the issues, and we decline to consider them. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that issues not raised in a *pro se* brief were abandoned). Chien does contest the district court's jurisdiction to impose sanctions, citing its determination that Chien lacked standing to bring suit. However, whether Chien had standing is a different issue than whether the district court had subject matter jurisdiction. The district court had diversity jurisdiction because Chien was seeking over $160,000 and was a resident of Connecticut, whereas Barron Capitol was a Delaware LLC with a principal place of business in the State of New York, and Skypeople was a Florida corporation with a principal place of business in China. *See* 28 U.S.C. § 1332(a) & (c). Furthermore, even if the district court lacked subject matter jurisdiction over his complaint, it could still impose Rule 11 sanctions. *See Willy v. Coastal Corp.*, 503 U.S. 131, 132 (1992) (holding that a district court can impose Rule 11 sanctions "in a case in which the district court is later determined to be without subject-matter jurisdiction").

2

We have considered all of Chien's remaining arguments and find them to be without merit.  Lastly, insofar as Chien attempts to appeal the district court's July 2011 judgment, his appeal is untimely.  *See* Fed. R. App. P. 4(a)(1)(A) and 26(a)(1)(C).

For the foregoing reasons, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3