13-1721-cv
*Rankin v. City of Niagara Falls (Agola)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand fourteen.

PRESENT:   BARRINGTON D. PARKER,
           DEBRA ANN LIVINGSTON,
           CHRISTOPHER F. DRONEY,
                          *Circuit Judges.*

_____

PAUL A. RANKIN,

                          *Plaintiff*,

ATTORNEY CHRISTINA A. AGOLA,

                          *Appellant*,

   -v-                                                      No. 13-1721-cv

CITY OF NIAGARA FALLS, DEPARTMENT OF PUBLIC WORKS, JOHN CASO, Department Head, in his Official and Individual Capacity,

                          *Defendants*.*

_____

                          Christina A. Agola, Rochester, NY, *pro se*.

---

* The Clerk of the Court is directed to amend the caption as set forth above.

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Christina A. Agola, an attorney proceeding *pro se*, appeals from an order of the United States District Court for the Western District of New York (Arcara, *J.*; McCarthy, *M.J.*) imposing monetary sanctions and reprimanding her for making misleading statements during the course of the underlying lawsuit, in violation of Federal Rule of Civil Procedure 11. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders imposing sanctions pursuant to Rule 11 for abuse of discretion, *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (per curiam), which we will find when the district court's decision "is based on an error of law or a clearly erroneous view of the facts, or cannot be located within the range of permissible decisions," *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 156 (2d Cir. 2010) (per curiam) (internal quotation marks omitted). We employ this deferential standard because "the district court is familiar with the issues and litigants and is thus better situated than the court of appeals to marshal the pertinent facts and apply a fact-dependent legal standard." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402 (1990)) (alterations and internal quotation marks omitted). We note that "when . . . the court issues sanctions *sua sponte* without offering the offender the opportunity to withdraw the offending submission, our 'review is more exacting than under the ordinary abuse-of-discretion standard,' because in such cases the court simultaneously acts 'as accuser, fact finder, and sentencing judge.'" *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (quoting *ATSI Commc'ns, Inc. v. Shaar*

2

*Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009); *Mackler Prods., Inc. v. Cohen*, 146 F.3d 126, 128 (2d Cir. 1998)). *Sua sponte* sanctions imposed "without affording the offender the opportunity to withdraw the challenged document . . . should issue only upon a finding of subjective bad faith," *id.* (citing *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90-91 (2d Cir. 2003)), and in our review on appeal, we must "ensure that any [sanctions] decision [was] made with restraint and discretion," *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999). We review a district court's factual findings in support of sanctions for clear error. *See S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010).

Under a "more exacting" review of the record, we do not discern an abuse of discretion by the district court. Defendants moved for summary judgment on November 4, 2011. The district court ordered that Plaintiff's response be filed by December 5, 2011. On December 5, Agola moved for an extension of time. Agola stated in a declaration that she was busy with work in several unrelated cases, and while she had planned "[i]n good faith" to "fil[e] and serv[e] the Plaintiff's Opposition to Defendant's Motion for Summary Judgment" on the date it was due, she requested a "brief extension of time" due to the "extraordinary circumstances" of her caseload. J.A. 294. At the same time, she assured the magistrate judge that "[t]he Plaintiff's Opposition . . . is substantive," and that Agola "fear[ed] the Plaintiff's rights would be severely prejudiced," due to her other obligations, if an extension were not granted. *Id.* The magistrate judge granted the motion. Agola subsequently moved for two further extensions, on January 4, 2012, and February 23, 2012, each time on the last day permitted under the previously granted motion; both additional motions were also granted by the magistrate judge. Each of these motions also stated that Agola needed additional time to file an opposition to summary judgment, and each affirmed the "substantive" nature of the opposition and the potential prejudice to Plaintiff's rights.

3

On March 30, 2012, Agola and opposing counsel filed a stipulation of dismissal. Consequently, Agola never filed an opposition to summary judgment on behalf of her client. Following other procedural developments not pertinent to this appeal, Agola stated at a May 2012 hearing before the magistrate judge that, in her requests for extensions, she had meant to convey in her motions "the substantive nature of the preparation of a motion for summary judgment in light of the fact that [she and her associates] . . . were very tied up," J.A. 667, but that in fact she would not have been able to oppose the summary judgment motion on the merits of the case. In July 2012, the magistrate judge ordered Agola to show cause why she should not be sanctioned for her representations to the court in the extension motions that a "substantive" opposition to summary judgment would be forthcoming, given that she had determined that she could not oppose summary judgment in good faith. In her response to the show-cause order, Agola stated that she had not had "sufficient time . . . to review the substantive issues" until she had conducted "a thorough review of the Defendant's motion and the related motion record," which was "impossible" until some point in March 2012. J.A. 1026-27.

On the basis of these statements, the district court found that Agola had represented, in each of the three motions for extensions of time, that "she in good faith believed she had substantive opposition to the pending summary judgment motion that she needed to file to protect plaintiff from severe prejudice," and rejected Agola's proposed interpretation that her representations conveyed only that she "needed more time to review substantive issues to preserve potential opposition to the summary judgment." SPA 30. The court ruled that Agola "knew that her representations that she had substantive opposition to the motion for summary judgment in support of the motions for extensions of time were misleading at the times she made them." SPA 33. In imposing sanctions

4

under Rule 11(c)(3), the court levied a monetary penalty of $3,000, reprimanded Agola, and referred her to the other judges in the Western District "for consideration of supplementary professional discipline or other corrective action."[1] SPA 38-43.

In light of all of the circumstances, we cannot conclude that the district court clearly erred in determining that these statements were misleading and made in subjective bad faith. Accordingly, the court did not abuse its discretion in its imposition of sanctions.

We have considered all of Agola's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Rule 11(c)(5)(B) states that monetary sanctions cannot be imposed under Rule 11(c)(3) unless the court "issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party . . . whose attorneys are[] to be sanctioned." While the parties here had filed a stipulation of dismissal in March 2012, that stipulation was vacated prior to the issuance of the order to show cause. Therefore, Rule 11(c)(5)(B)'s limitation on the circumstances in which a monetary sanction may be imposed is inapplicable.

5